GEORGE ANDERSON v. THE STATE.

No. 7511.    Decided April 4, 1923.

### 1.—Murder—Evidence—Sexual Intercourse—Requested Charge.

Upon trial of murder, there was no error in refusing to instruct the jury that the fact that defendant had sexual intercourse with the wife of deceased would not be considered as any evidence of guilt.—Following Rice v. State, 54 Texas Crim. Rep., 149, and other cases; the same principle applies as to the admission of evidence of sexual relations.

### 2.—Same—Evidence—Non-expert Opinion.

Upon trial of murder, there was no error in admitting the sheriff to testify, who had acquainted himself with the facts and the scenes surrounding the killing, that the shots looked like they entered the body of deceased coming from an angle about parallel from a certain place, and showed that the defendant at the time he fired was at the side of deceased; besides, the physical facts led to the same conclusion.—Following Steagald v. State, 24 Texas Crim. App., 207.

### 3.—Same—Sufficiency of the Evidence—Trial Court.

Where, upon trial of murder and a conviction of that offense, assessing defendant's penalty at ninety-nine years in the penitentiary, the evidence sustained the conviction under a proper charge of the court, there is no reversible error.

94 T. C.—11

Appeal from the District Court of Upshur.   Tried below before the Hon. J. R. Warren.

Appeal from a conviction of murder; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*Florence and McClelland* for the appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for murder; punishment fixed at confinement in the penitentiary for a period of ninety-nine years.

Appellant's confession was introduced in evidence in which he said that he had spent the day at the house of Will Talley; that in the evening after dark he left that house in company with the daughter of Talley, who was the wife of the deceased and whose name was Judy Bell Burse; that they took a gun with them and went to the pasture where they had intercourse; that afterwards they were sitting together talking when the deceased, Jessie Burse, came up the path and was shot by the appellant. He and Judy Bell then picked up the body of the deceased and carried it to a thicket about four hundred yards distant. It was a dark night, and the deceased was about sixty feet distant when he was shot. He had a stick in one hand and a pistol in the other.

Appellant, in his testimony on the trial, after stating that he and the wife of deceased went into the pasture and had intercourse three times, testified as follows:

"The last time I was down there right close to the plum thicket, down there close to the house, about a hundred yards back to the house and I had got her that far and we stopped again, and just as I was getting thru the last time she said, 'There's somebody with a gun.' I just jumped up and looked and he was right on me, and he just throwed the pistol on me that way and said, 'Oh, yes, God damn you, I have got you,' and when he done that of course, I, just like any other man would do to protect myself, I shot. She insisted on me taking the gun to kill her father a rabbit, that's why I taken the gun."

Complaint is made of the refusal of the court to instruct the jury that the fact that appellant had sexual intercourse with the wife of the deceased could not be considered as any evidence of guilt. The merit of this contention is not discerned. The relations between the appellant and the wife of the deceased was available to the State upon the issue of motive. Rice v. State, 54 Texas Crim. Rep. 149; Haley v. State, 84 Texas Crim. Rep. 630.

Upon the same principle we regard the complaint of the admission

in evidence of sexual relations between the appellant and the wife of the deceased on other occasions as untenable.

Complaint is made of the admission of certain testimony of the sheriff on the ground that it reflected the opinion of the sheriff upon an unauthorized subject. The sheriff testified that upon learning of the homicide, he went to see the body. The locations of the wound were described by him and buckshots were used. The deceased was struck in the side, one shot striking him in the "sink of the neck" and a few shots in the upper part of the arm. The witness said:

"The shots looked like they entered the body coming from an angle, about parallel this way, I reckon, the best I could tell."

From the body of the deceased the sheriff went to the place where the homicide took place. He was found on the ground where a person had apparently fallen. There was a print of a hand on the ground; there was also gun wadding; and a short distance away was a print, apparently of a knee on the ground. The wadding was at an angle, which the witness illustrated. A map was drawn and exhibited to the jury. Tracks of a man and woman were found, and the location fixed upon the map. The gun wadding was in direct line between the place where the knee prints and the shoe prints were found and the place where the man had fallen.

The testimony to which objection is addressed, as set out in the bill, is this:

"Where the knee prints and tracks were on the ground and the course of the wadding from the gun, and also from the range of the bullets entering the body of the deceased, showed that defendant, at the time he fired the shot which killed the deceased, was to the side of the deceased."

The judge, in approving the bill, makes reference to a certain page of the statement of facts for a statement of the circumstances under which the testimony was received. Taking note of the fact that appellant admitted that he shot and killed the deceased and the uncontroverted evidence that the shots took effect in the side of the deceased, the ruling of the court, if erroneous, is not important. Moreover, the physical facts detailed by the witness lead to the same conclusion as that which he expressed. Steagald v. State, 24 Tex. Crim. App., 207; Branch's Ann. Tex. P. C. Sec. 1853. The shooting took place on a path which was followed by the deceased in going from the home of his father-in-law Talley to his own home. We left the house of Talley about twelve o'clock at night and the shot was fired soon thereafter. None of the testimony detailing the circumstances revealed by the State witnesses was controverted. There was testimony that appellant had stated that the deceased had followed him to town and that if he ever crossed him, he was going to kill him. Appellant did not disclose the homicide. It seems that the body of the deceased was found by accident.

There was also evidence to the effect that the deceased had whipped his wife and that appellant said that "he was going to get his 'meanness on' and kill the black son-of-a-bitch."

The jury was instructed concerning the issues in the case in a manner which is satisfactory to the appellant. The evidence is sufficient to show that the offense was murder; and the amount of punishment as fixed was within the discretion of the jury. No errors are committed in the trial of the case which would warrant a reversal of the judgment. It is therefore affirmed.

*Affirmed.*